THE SOUTHERN OHIO SAVINGS BANK & TRUST CO., APPELLEE, *v.*
BOLCE ET AL., APPELLANTS.*
RENNER, TREAS., APPELLEE, *v.* MERRIWEATHER ET AL.; UNITED
STATES OF AMERICA, APPELLANT.*

*Judgment modified and, as modified, affirmed, 165 Ohio St., 201.

(Nos. 7932 and 7953—Decided January 24, 1955.)

*Mr. George Johnson,* for appellee The Southern Ohio Savings Bank & Trust Co.

*Mr. C. Watson Hover,* prosecuting attorney, *Mr. Francis X. Schwegmann* and *Mr. Carl B. Rubin,* for appellees Paul A. O'Brien, Treasurer of Hamilton County, and John M. Renner, Treasurer of Hamilton County.

*Mr. Albert D. Castellini,* for appellee Joseph P. Dorney.

*Mr. T. Gordon Gutting,* for appellee The Lockland Building & Loan Association.

*Mr. Hugh K. Martin,* United States Attorney, and *Mr. Richard H. Pennington,* for appellant United States of America.

Ross, J. These two appeals on questions of law are considered together. In each case the appellant is the United

States of America, a defendant in the Court of Common Pleas of Hamilton County.

The first case was an action for a money judgment, the marshalling of liens and the foreclosure of a mortgage. A decree of confirmation and distribution was entered therein after confirmation of sale and order for deed. It is from this decree of confirmation and distribution of the proceeds of sale that the appeal is taken. Such proceeds, amounting to $15,900, were distributed as follows:

1. Payment of costs .........................$ 311.07
2. To Treasurer of Hamilton County for taxes .... 338.39
3. To the plaintiff mortgagee ................. 6,649.95
4. To Joseph Dorney, a judgment lienholder .... 846.88
5. To United States of America for federal taxes . 7,753.71

The court ordered that $338.39 of the amount ordered paid to Joseph P. Dorney be held in escrow with the Sheriff of Hamilton County. The funds thus being exhausted, other lien holders took nothing.

The second action was brought by the Treasurer of Hamilton County for the collection of delinquent taxes, assessments, penalties and interest, and for equitable relief. A decree of confirmation and distribution was entered therein after confirmation of sale and order for deed. It is from such decree of confirmation and distribution of the proceeds of the sale that the appeal was taken. Such proceeds, amounting to $4,000, were distributed as follows:

1. Payment of costs .........................$ 147.85
2. Treasurer of Hamilton County for taxes ...... 614.36
3. To the mortgagee ......................... 2,536.31
4. To United States of America for federal taxes . 701.48

The funds being thus exhausted, other lienholders took nothing.

Upon the hearing to confirm the sale and distribute the proceeds, the trial court found in substance the following facts:

1. That there was due the clerk of courts for costs, $147.85.
2. That the amount due on the mortgage was $2,536.31.
3. That the United States of America duly filed on April 11, 1949, a lien for federal taxes in the amount of $457.10. Assessment dates—May 14, 1948, through November 19, 1948.

4. That the United States of America duly filed on June 6, 1951, a lien for federal taxes, in amount of $1,215.53. Assessment date—February 5, 1951.

5. That the balance due the United States of America for taxes (withholding) and accrued interest to February 1954, is $317.91, plus interest at 6 per cent from February 1, 1954; and that the balance on unpaid income taxes, with interest to February 1, 1954, is $571.64, plus interest at 6 per cent thereafter.

6. That the United States of America recorded with the Clerk of Courts of Hamilton County, on November 17, 1949, a certificate of judgment in the amount of $1,342.90 plus interest at 6 per cent from January 14, 1949; that another certificate of judgment was so filed on November 17, 1949, in the amount of $672.52 with interest at 6 per cent from January 14, 1949; and that the total sum due on such judgments is $2,015.42 plus interest at 6 per cent from January 14, 1949.

7. That real estate taxes and penalties due the Treasurer of Hamilton County in 1948 were $286.23; that taxes and penalties so due the Treasurer of Hamilton County for the period 1949-1950 were $175.31; that the amount due therefor for 1951-1952 was $275.64, less $85.74 paid in 1953; and that the total delinquent taxes due through the year 1953, with penalties, were $614.36.

The principal contest in each of these cases is between the Treasurer of Hamilton County and the United States of America, the first claiming for state taxes and the latter for federal taxes.

The law covering this dispute is found in the Constitution of the United States and the acts of Congress, and the statutes of Ohio, and as interpreted in the case of *United States* v. *City of New Britain*, 347 U. S., 81, 98 L. Ed., 520, 74 S. Ct., 367. The net result of this law is that the lien of the state for taxes takes priority over all other liens, while the lien of the federal government for federal liens takes priority over all liens except those of mortgagees and judgment creditors. As applied to the instant situations this presents an apparent impasse. It is the duty of courts wherever possible to give effect to all constitutional legislation, and where there is an apparent conflict between state and federal laws to harmonize such legislation to give effect to both.

The facts in these cases are not in dispute, only contrary interpretations of the law are involved. The United States of America is the only appellant. We are here concerned with the allocation of priorities in funds which are not sufficient to satisfy the claims of a number of lien holders. In neither case is the fund sufficient to satisfy the claims of the state and federal government if the mortgagees and judgment creditors are paid in full. If the latter (mortgagees and judgment creditors) and the state are paid in full, then the United States will not receive its full payment. Such distribution was made effective in these cases in the trial court.

Such an interpretation of the law ignores the effect of Section 3672, Title 26, U. S. Code, which gives federal liens priority over all other liens except those of mortgagees and judgment creditors and full effect to Section 5719.25, Revised Code (Section 5692, General Code), giving state taxes priority over all other liens, without exception. It is admitted by all concerned that the costs of litigation must be paid first out of the funds for distribution. The holding of the *New Britain case* is that the federal government has no concern with how the state allocates the priority of state liens. On the other hand, it is the obvious conclusion in this case that state liens, with the exception noted, cannot take priority over federal liens. Now it is apparent that when the federal government steps aside in favor of the mortgagees and judgment creditors, the state steps in and asserts its priority over these same preferred lien holders, and it does so at the expense of the federal liens, which are thus, in effect, surrendered in favor of the state liens. It is the state law which may cause an impairment of mortgagees and judgment lien holder's claims. With this situation, the federal government has no concern. The logical result of this then giving effect to *all* the law is to permit the state to have its priority over state created liens, those of the mortgagees' and judgment-lien holders, deduct from the total of all these the amount of the state taxes, pro-rate such total deduction among the mortgagees and judgment-lien holders, pay the remaining amounts to such mortgagees and judgment-lien holders, then, pay what remains of the fund to the United States for the federal lien for taxes. Naturally, the mortgagees and judgment-lien holders will complain, but their complaint must be directed to the state and not

the federal government, for it is the former which advances the state claim for taxes over their claims, not the law of the United States.

The mortgagees in these cases may claim that, being first in priority, they should be paid in full at the expense of the later lien holders. Just the opposite conclusion could be asserted, since, if they are first, they should first satisfy the claim of the state. Neither proposal is equitable. A prorata allocation of the state taxes does justice to all.

Taking distribution in the first case then, the result would be as follows:

1. Payment of costs .........................$  311.07
2. Payment of state taxes, deducted from the total of claims of the mortgagee and judgment creditors (If there were none such, then the federal liens would be paid next, followed by state taxes) ....................................   338.39
3. Payment to the mortgagee of the amount left after deducting the prorata amount of state taxes ($6,649.95-$300.36) ................... 6,349.59
4. Payment to judgment lienholder ($846.88-$38.03) ................................   808.85
5. Balance to the United States ............... 8,092.10

$15,900.00

In the first case (the *Bolce case*) there is no question that the federal lien antedated that of the state tax lien.

In the second case, the United States admits that some of its liens were subsequent, in the dates of assessment, to the attaching of the state's liens. The above formula may be applied in the same manner, allowing for priority of state liens.

The judgments of the trial court are modified accordingly.

*Judgments modified.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.